# Hobel *v.* Mahoning & Shenango Railway & Light Company, Appellant.

*Practice, C. P.—Judgment non obstante veredicto—Conflict of evidence —Case for jury—Act of April 22, 1905, P. L. 286.*

1. The Act of April 22, 1905, P. L. 286, which gives the court authority to enter judgment non obstante veredicto when a request for binding instructions has been declined at the trial, makes no radical innovation on the settled line of distinction between the power of the court and of the jury. Judgment cannot be entered against the verdict where there is a conflict of evidence on material facts or when for any reason there could not have been a binding instruction for the defendant.

*Negligence—Street railways—"Stop, look and listen"—Case for jury.*

2. In an action for personal injuries against a street railway company judgment non obstante veredicto cannot be entered where there is evidence that as the plaintiff, driving a team, approached the defendant's electric road on a city street he stopped at the house line and looked and listened and continued to look and listen as he advanced; that when his horses were in the act of stepping on the tracks he first saw a car 150 feet from him running at a very rapid rate and of the approach of which no notice had been given by bell or gong; and that no effort was made by the motorman to stop the car or to reduce its speed until it was within ten feet of him.

Argued Oct. 10, 1911. Appeal, No. 199, Oct. T., 1911, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1908, No. 34, on verdict for plaintiff in case of Charles Hobel v. Mahoning & Shenango Railway & Light Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries.   Before PORTER, P. J.
The opinion of the Supreme Court states the case.
See 229 Pa. 507.

*Error assigned* was in refusing defendant's motion for
judgment non obstante veredicto.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,*
for appellant.

*Charles R. Davis,* with him *Oscar L. Jackson,* for ap-
pellee.

PER CURIAM, January 2, 1912:

The error assigned is that the court refused to enter
judgment for the defendant non obstante veredicto and
the only question to be considered is whether there was
any testimony on behalf of the plaintiff, which, if believed,
entitled him to a verdict.   The Act of April 22, 1905,
P. L. 286, which gives the court authority to enter judg-
ment non obstante veredicto when a request for binding in-
structions has been declined at the trial makes no radical
innovation on the settled line of distinction between the
power of the court and of the jury.   Judgment cannot be
entered against the verdict when there is a conflict of evi-
dence on material facts or when for any reason there could
not have been a binding instruction for the defendant:
Dalmas v. Kemble, 215 Pa. 410.

When this case was here before, see 229 Pa. 507, it was
said that on the question of the negligence of the defend-
ant and the contributory negligence of the plaintiff, there
was evidence sufficient to take the case to the jury.   On
the second trial the testimony for the plaintiff was sub-
stantially the same as at the first.   It tended to show that
as the plaintiff approached a right angle crossing of the
tracks of the defendant's electric road on a city street, he
stopped at the house line and looked and listened and
continued to look and listen as he advanced.   When his
horses were in the act of stepping on the tracks he first

saw a car 150 feet from him, running at a very rapid rate and of the approach of which no notice had been given by bell or gong, that no effort was made by the motorman to stop the car or to reduce its speed until it was within ten feet of him. This made out a prima facie case.

The judgment is affirmed.