# Schwarz *v.* Glenn, Appellant.

*Negligence—Master and servant—Apparent authority of superintendent—Elevator accident—Weight of evidence against verdict —Judgment n. o. v.*

1. On a motion for judgment non obstante veredicto the court cannot enter judgment against the verdict where there is a conflict of evidence on a material fact or any reason why binding instructions should not be given.

2. In a negligence case defendant's motion for judgment non obstante veredicto should be refused where although the weight of the evidence was against the finding of the jury on the decisive question of the negligence of the defendant, there was evidence, which if believed, would sustain the verdict.

3. In an action against a building contractor to recover damages for the death of plaintiff's husband, defendant's motion for judgment non obstante veredicto was properly refused where it appeared that the defendant was a general contractor for the erection of a building; that decedent was employed by a subcontractor as a structural iron worker and was engaged at the time of the accident on a stairway contiguous to an elevator shaft, and was struck and fatally hurt by the descending carriage by reason of having his head inside the shaft; that another subcontractor had exclusive use of the elevator; and there was evidence adduced in behalf of the plaintiff, although contradicted by defendant's witnesses, that as between the different subcontractors defendant's superintendent had the apparent authority to regulate and control the operation of the elevator; and on the request of the deceased the superintendent had promised to stop the elevator for the period

of an hour, and deceased exposed himself to the fatal risk on the faith of that assurance.

Argued Feb. 24, 1914. Appeal, No. 317, Jan. T., 1913, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1910, No. 900, on verdict for plaintiff, in case of Olga Schwarz v. George A. Glenn, doing business as George A. Glenn & Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.

NEWCOMB, J., filed the following opinion, sur defendant's motion for judgment for defendant n. o. v.:

There was a verdict for plaintiff who sued for damages because of the death of her husband by accident while at work in a building for the erection of which defendant was the contractor. The latter moves for judgment non obstante on the certified record as provided by the Act of April 22, 1905, P. L. 286.

While defendant's liability was charged on several grounds, the only averment attempted to be sustained is that alleging failure to keep certain machinery out of operation for a limited time, as defendant, by its proper representative, had promised to do.

Some of the material facts were not in dispute, viz:

1. Defendant, doing business in Philadelphia, was the general contractor for the erection of a building on Spruce street, in this city. He was represented on the ground by Mr. Rowland in the capacity of superintendent of construction.

2. Branches of the work had been underlet to different subcontractors, inter alia, the iron and steel to the Scranton Iron Works; and the plaster masonry to Brady and Company, of Philadelphia.

3. As a working appliance defendant had installed a

temporary elevator with motive power supplied by means of an engine stationed in the court or alley alongside the building.

4. Brady and Company were represented on the ground by Mr. Gilbert, their foreman. By virtue of their contract they had the exclusive use of the elevator and the engine for the time being. It was in operation for their purposes, at their expense, and by hand of their engineer, Mr. Trice, who was subject to Gilbert's orders.

6. Deceased was on the ground as a structural iron-worker in the employ of the Scranton Iron Works. In that employment he was then at work on the stair construction. The stairway was contiguous to the elevator shaft. In the prosecution of this work he was struck and fatally hurt by the descending carriage by reason of having his head inside the shaft.

7. No attempt had been made by Rowland to have the use of the elevator discontinued temporarily while deceased was so engaged.

Other facts, though in dispute, must be taken to have been established by the verdict, to wit:

a. The omission to give any direction either to Gilbert or Trice, as last above noted, was a breach by Rowland of his promise made to the deceased about half an hour before the accident.

b. As between the different trades, Rowland had the apparent authority to regulate and control the operation of the elevator according as the exigencies of the work might from time to time require.

c. His promise had been to stop the elevator for the period of an hour; the occasion of giving it was a request by deceased; and the latter exposed himself to the fatal risk on the faith of that assurance.

The law applying to such group of facts is believed to be free from difficulty. One can see no escape from the conclusion that they support the verdict. Whether, so far as in dispute—and these were the crucial facts—they could have been fairly so found was quite another ques-

tion, and wholly for the jury. Such finding depended upon the degree of credit, if any, to be given to the only witness who so testified. His testimony was not only directly contradicted by Rowland, but in itself was open to suspicion because of its radical alteration during the trial under circumstances not well calculated to give it the appearance of good faith. On its face his conduct was not unlike that of a witness who, discovering that he had unintentionally sworn his party out of court in the morning, comes back in the afternoon prepared to go any length to repair the damages. He had first identified Mr. Gilbert as the man to whom the alleged request was made. If made at all, that would have been entirely consistent in view of Mr. Gilbert's functions there. He was the personal representative of the firm then using the elevator. There could be no question as to his authority to control its use, as the engineer was subject to his orders; but, as against this defendant, it would have been fatal to plaintiff's case. She would have been face to face with the barrier against liability for the act of an independent contractor.

It may be conceded that the witness was laboring under some confusion of mind and memory, thus acquitting him of either corrupt or reckless swearing. But that in no way serves to strengthen his ultimate claim. It still leaves his final assertion so doubtful in value that, as against a positive denial on the other side, it is not apparent how it could be given any preponderating weight. It certainly could have none in mind of those having any knowledge of the nature of evidence. But that doesn't out-law the testimony. So long as it can be referred to for present purposes only in terms either of weight or credibility, just so long it stands labeled as a question exclusively for the jury. True, the court is in duty bound in such case to call attention to those things, whether inherent or extrinsic, which tend to discredit the evidence; and it was so done in this instance. The limited review, however, to which the determination of

the jury is subject, can be had only on motion for new trial; and not, as in this case, on a rule for judgment.

On the subject of "independent contractor," counsel have submitted well prepared briefs. But on the facts above stated, the question of defendant's liability is one of true agency, having nothing to do with any wrongful act of a subcontractor, whether independent or otherwise. That Mr. Rowland was defendant's agent is agreed. The actionable negligence, if any, was the disregard of his promise upon which deceased had relied for security. It follows that the only other question would be as to the scope of the agency, either express or implied.

As submitted to the jury, the inquiry was limited to that of apparent authority on the theory that the evidence did not go beyond that.

This may have been error; though not now material.

Upon review of the testimony—especially that of defendant himself—it appears that in cases of temporary and local conflict in the work, as between different trades, it devolved upon the superintendent to see that one should give way for the time being so that the fixtures and interior finish should go in place in due order. True, it did not distinctly appear that deceased could not proceed without access to the elevator shaft; therefore, it wasn't clear that a case of conflict within the meaning of the terms of the agency had arisen. But that, in any instance, might be a debatable question, in the nature of which it would not be incumbent on the deceased, at his peril, to know the precise conditions under which the superintendent was authorized to act. Deceased would have the right to expect to be so advised if, for any reason, his request could not be acted upon. Hence, on the face of the facts found, the case presented is that of defendant's personal representative clothed with actual authority not unlike that which he was asked to exercise. In that situation, if he so promised to act, the promise in itself would be evidence of his apparent authority in the premises.

No fault having been found with the manner of trial except as to the refusal of binding instructions, the only thing that can be considered is whether there was any question to go to the jury. For the reason stated it is believed the case on that point is with plaintiff, and therefore, whether the verdict was right or wrong, the present motion must fail.

The rule to show cause is discharged.

The court overruled the motion.

Verdict for plaintiff for $3,500. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*Charles H. Welles,* of *Welles & Torrey,* for appellant.

*M. A. McGinley,* for appellee.

PER CURIAM, March 23, 1914:

The single assignment of error relates to the refusal of the court to enter judgment for the defendant non obstante veredicto. On the decisive question of the negligence of the defendant's superintendent the weight of the evidence was against the finding of the jury, but there was evidence which if believed would sustain the verdict. The court would not therefore have been warranted in directing a verdict against the plaintiff and since a new trial was not asked for there was no opportunity to set aside a finding by the jury which was apparently illy considered. On a motion for judgment non obstante veredicto the court cannot enter judgment against the verdict where there was a conflict of evidence on a material fact or any reason why binding instructions could not have been given. Dalmus v. Kemble, 215 Pa. 410; Duffy v. York Haven Water & Power Co., 233 Pa. 107; Sloan v. Railway Co., 231 Pa. 332.

The judgment is affirmed on the opinion of Judge NEWCOMB.