## Long *v.* St. Clair Borough, Appellant.

*Negligence—Municipalities—Electric wires—Res ipsa loquitur—*
*Insufficient evidence to overcome presumption—Case for jury.*

In an action against a municipality, which furnished electric service, to recover damages for the death of plaintiff's husband caused by an electric shock sustained in his home, as the result of an accidental contact between a high tension wire and an electric light wire resulting from the breaking of defective pins upon which the wires were strung, the presumption is that defendant is negligent and such presumption is not overcome by evidence that the defendant had adopted a proper system of wiring and that as a whole its wires and plant were ordinarily in proper condition, and that it had no notice of the defects in the pins which caused the accident and that such defects could not have been discovered without removing the pins; and the court did not err in submitting the case to the jury.

Argued Feb. 14, 1916.    Appeal, No. 200, Jan. T., 1915, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1914, No. 186, on verdict for plaintiff, in case of Elizabeth R. Long v. Borough of St. Clair.    Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.    Affirmed.

Trespass to recover damages for the death of plaintiff's husband.    Before KOCH, J.

From the record it appeared that the Borough of St. Clair owned and operated a municipal light plant.

Joseph Long, the deceased husband of the plaintiff, conducted a hotel in the said borough and had a contract with the said borough to furnish him electricity of sufficient voltage to supply incandescent lights in his hotel and dwelling. The electric light in the cellar was attached to an extension cord so that it could be carried from place to place.

On the night of the 25th of March, 1913, during, or after, a storm, Long, accompanied by a hired man, August Weiss, went to his cellar to get oysters. Long took the electric light and started towards the barrel of oysters, and had proceeded a few feet when there was a puff of smoke and light. Long gave an outcry and fell. Weiss cried for help and the bartender, James McKeon, ran down the steps and caught hold of Long and he in turn received a shock, which knocked him down and rendered him unconscious.

August Jacoby, a visitor to the house, ran to the cellar and seeing the arc of electricity between the bodies of Long and McKeon attempted to pull them apart. He received an electric shock and was thrown across some barrels. He several times tried to release the bodies, each time receiving a heavy shock of electricity. In the meantime Mrs. Long sent some boys to the electric light station who informed the engineer that Mr. Long was being roasted by the electric light. The engineer turned off the high tension current and Jacoby was enabled to release Long and McKeon.

Long was dead. His fingers were burned off and his chest was roasted to the bone.

On the 27th day of March it was discovered that two of the pins to which the wires are fastened on one of the cross-arms on a pole in the street near Boone's elevator had broken off and that the high tension and low tension wires had crossed at that point. The pins were produced at the trial and showed they had broken off on account of rotting.

The high and low tension systems of the borough are generated from separate dynamos.   There were several separate incandescent districts run from different dynamos, but the system which supplies the district in the region of Boone's elevator could be connected from the buss bars in the power house to the system in the district in which Long's hotel was situated.

The borough offered evidence that it did not know of this condition; that there was nothing wrong in the construction of its plant and especially in respect to these pins; that the cross-arms had been removed on that pole some years before; that they had put in pins, that the pins being lodged in the sockets of the cross-arms, were not readily inspected.

Verdict for plaintiff for $7,500, and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and answers to points.

*Arthur L. Shay* and *John F. Whalen,* with them *Jos. J. Brown,* for appellant.

*A. D. Knittle,* with him *C. A. Whitehouse,* for appellee.

PER CURIAM, March 20, 1916:

Under the evidence presented by the plaintiff there was a presumption that the defendant had been negligent: Alexander v. Nanticoke Light Co., 209 Pa. 571; Delahunt v. United Telephone & Telegraph Co., 215 Pa. 241; and this presumption was not so clearly overcome that the defendant's point asking that a verdict be directed in its favor ought to have been affirmed.   Nothing in the assignments of error calls for a retrial of the case, and the judgment is, therefore, affirmed.