## Cain v. Werner, Appellant.

*Brokers — Real estate brokers — Commissions — Principal and agent.*

Where an owner of real estate sets machinery in motion to induce a sale of the real estate through the agency of a broker and a sale results through the broker's intervention, it is not material that the negotiations were concluded directly with the owner. In such a case the broker is entitled to his commissions.

Argued April 27, 1917. Appeal, No. 75, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 1882, on verdict for plaintiff in case of M. B. Cain v. John C. Werner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before SWEARINGEN, J.

At the trial it appeared that the defendant employed the plaintiff to sell property for him, and it was agreed that plaintiff should receive a commission of five per

cent., and the price fixed for the property was $27,000. Plaintiff brought to the attention of Fred. Vogel the property in question, and according to the plaintiff's testimony Werner agreed to sell to Vogel for $27,000. This transaction took place in November, 1913. Nothing further seems to have been done until March 6, 1914, when Werner entered into a written contract to sell the property to Vogel. Defendant claimed that Vogel had refused to purchase the property in November, and that he entered into an independent arrangement with him, and that the sale was arranged through another person than the plaintiff, and that defendant had paid such person a commission.

Verdict and judgment for plaintiff for $1,387.50. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*E. J. McKenna,* of *McKenna & McKenna,* with him *W. H. Lemon,* for appellant.—If the services of the broker do not accomplish a sale, and after the proposed purchaser has decided not to buy, other persons induce him to buy, the broker has no right to commissions: Earp v. Cummins, 54 Pa. 394; Barrow v. Newton, 48 Pa. Superior Ct. 382; Gibson's Est., 161 Pa. 177; Kifer v. Yoder, 198 Pa. 308; Speer v. Benedum-Trees Oil Co., 239 Pa. 180; Patterson v. United Gas Improvement Co., 239 Pa. 277.

*Thos. L. Kane,* for appellee.—Where a broker brings the parties together and a sale subsequently results therefrom, the broker is entitled to his commission: Peters v. Holmes, 45 Pa. Superior Ct. 278; Warne v. Johnston, 48 Pa. Superior Ct. 98; Keys v. Johnson, 68 Pa. 42; Reed v. Reed, 82 Pa. 420; Danko v. Pittsburgh Rys. Co., 230 Pa. 295; Gibson's Est., 161 Pa. 177.

OPINION BY ORLADY, P. J., July 13, 1917:

The oral testimony in this case was so conflicting that it was necessarily a question for the jury. The court properly refused defendant's points and submitted the disputed facts to the jury in a fair and adequate charge. The motion for judgment non obstante veredicto was rightly refused, for the reason that binding instructions could not be given: Dalmas v. Kemble, 215 Pa. 410; Schwarz v. Glenn, 244 Pa. 519.

When an owner of real estate sets machinery in motion to induce a sale of the real estate through the agency of a broker and a sale results through the broker's intervention, it is not material that the negotiations were concluded directly with the owner.

In this case the verdict means that the broker was the moving and effective cause in bringing about the sale, and under authority of Peters v. Holmes, 45 Pa. Superior Ct. 278; Warne v. Johnston, 48 Pa. Superior Ct. 98, he is entitled to his commission.

The case was fairly tried and we see no reversible error in the record. The judgment is affirmed.