## Derrick et al., Appellants, *v.* Harwood Electric Company.

*Negligence—Electric company—Fire caused by excessive current —Declarations of employee—Evidence — Pleading — Res ipsa loquitur.*

1. In an action against an electric company to recover damages for the burning of plaintiff's building, alleged to have been caused by an excessive current, where there is evidence that fuses had frequently been burned out and been replaced by defendant, declarations made by one of defendant's employees, after replacing a fuse shortly before the fire, to the effect that he had put in a heavier fuse, which would stop blow-outs, are admissible as explanatory of his work.

2. In such case, where it appears that the apparatus within the transformer is submerged in oil, testimony of one of defendant's employees that the day after the fire, when at or near the transformer in question, he detected the odor of burning oil, but was not certain that it came from the transformer, is for the jury, inasmuch as it would indicate excessive heat at the point in question, and thus might tend to support plaintiff's contention that the transformer had broken down, thereby causing a high voltage current to enter the building and cause the fire.

3. If plaintiffs assert that their property was destroyed by reason of an excessive current, they cannot recover, if the proof shows that it was destroyed by a low current, for the burden is on them

to show, not only that the fire was caused by electricity, but that it was caused by a high voltage current.

4. While an electric company is not an insurer, yet, when its customer is injured by an excessive current of electricity entering his premises on the company's wires, the burden is on the company to offer such explanation as will relieve it of responsibility. Under such circumstances, the doctrine of res ipsa loquitur applies.

*Evidence—Experts—Hypothetical question.*

5. Where there is no objection made to a hypothetical question propounded to an expert witness, the answer of the expert should not be disregarded by the trial judge on the ground that the question omitted some essential features. Such course is not fair; for had an objection been made, the question might have been reformed, or the defects supplied by other evidence.

*Practice, C. P.—Trial—Case for jury—Circumstantial evidence —Evidence—Scintilla—New trial.*

6. A case supported by substantial, though circumstantial, evidence, cannot be taken from the jury because of the strength of opposing proof.

7. When a plaintiff's claim is supported by more than a scintilla of evidence, it must go to the jury, even where a verdict in his favor would be so greatly against the weight of the evidence as to require the granting of a new trial.

*Appeals—Review—Judgment on whole record—Act of April 20, 1911, P. L. 70.*

8. Where a judgment is entered for a defendant on the whole record after a jury has disagreed, as provided by the Act of April 20, 1911, P. L. 70, the appellate court, in reviewing the same, must assume the truth of plaintiff's evidence, and consider all favorable inferences that can be drawn therefrom.

9. Under the Act of 1911, judgment can be granted on the entire record only where binding instructions should have been given to the jury.

Argued May 18, 1920. Appeal, No. 22, Jan. T., 1920, by plaintiffs, from judgment of C. P. Luzerne Co., Oct. T., 1914, No. 2033, for defendant on the whole record, in case of John D. Derrick & Sons v. Harwood Electric Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Reversed.

Trespass for damages for burning of plaintiffs' building. Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

At the trial the jury failed to agree and were discharged. Subsequently defendant moved for judgment in its favor on the whole record as provided by the Act of April 20, 1911, P. L. 70.

The court granted the motion and entered judgment for defendant. Plaintiffs appealed.

*Error assigned* was above judgment, quoting it.

*John H. Bigelow,* with him *F. A. McGuigan,* for appellant.—There having been testimony introduced which directly imputed blame for the fire to defendant even though opposed by countervailing testimony of defendant, it was the court's duty to submit the case to the jury.

A slight discrepancy between the facts assumed in a hypothetical question and the testimony adduced in the case, where it does not appear that the objection made at the time was to the form of the question, cannot be successfully made the basis of an assignment of error: Albert v. P. R. T. Co., 252 Pa. 527.

Proof of negligence was sufficient: Alexander v. Nanticoke Light Co., 209 Pa. 571; Long v. St. Clair Borough, 253 Pa. 92; Seeherman v. Wilkes-Barre Co., 255 Pa. 11; Dougherty v. P. R. T. Co., 257 Pa. 118.

The inference from the circumstances was for the jury: Maloy v. Rosenbaum Co., 260 Pa. 466; Hewitt v. Democratic Pub. Co., 260 Pa. 59; Bradican v. Ry. Co., 260 Pa. 555.

The declaration of the lineman, made in pursuance of his duties, is admissible: Baker v. Westmoreland & Cambria Nat. Gas Co., 157 Pa. 593; Marcus v. Gimbel Bros., 231 Pa. 206.

*John R. Sharpless,* with him *John T. Lenahan,* for appellee.—Where a fire is alleged to be due to electrical origin from excess voltage, the doctrine of res ipsa loquitur does not apply; and the burden is upon the property owner, who seeks to charge the electric company with the loss, to prove negligence: Milton W. Co. v. Northumberland G. & E. Co., 251 Pa. 79; Zahniser v. Penna. Torpedo Co., 190 Pa. 350; P. & R. R. R. v. Hughes, 119 Pa. 301; Wojciechowski v. Spreckles Sugar Refining Co., 177 Pa. 57; Howard Express Co. v. Wile, 64 Pa. 201; P. & R. R. R. v. Yerger, 73 Pa. 121.

OPINION BY MR. JUSTICE WALLING, June 26, 1920:

Early in the year 1913, plaintiffs completed the erection and equipment of a two-story frame mill building, at Jeanesville, Luzerne County, for the conversion of anthracite coal into a powder known as "facing"; and made a contract with the defendant corporation to furnish them sufficient electric current for two 30-horse power motors. Defendant conveyed the electricity to a pole, 200 feet from plaintiffs' mill, on primary wires carrying a voltage of 2,200, and there passed the current through a transformer, by which it was reduced to 220 volts, and thence conveyed by defendant on secondary wires to within 18 inches of the mill, where it was transferred to plaintiffs' wires which passed through the wall in porcelain tubes and were connected up with the motors. On August 1, 1913, after the mill had been in operation about six months, it burned, with a total loss of building and contents, and plaintiffs brought this suit alleging that the fire was caused by defendant's negligence, which the latter denied. Each side submitted evidence and the jury failed to agree; whereupon defendant, whose request for binding instructions at the trial had not been granted, moved the court below for judgment in its favor on the whole record, pursuant to the Act of April 20, 1911, P. L. 70, 6 Purdon's Digest (13th ed.) p. 7140. After argument and upon due con-

sideration judgment was so entered; from which plaintiffs brought this appeal.

In passing upon the record we must assume the truth of plaintiffs' evidence and consider all favorable inferences that can be drawn therefrom; so doing, the case presents questions for a jury and the entry of judgment for defendant was error. Such judgment can be entered only where binding instructions should have been given at the trial: Duffy v. York Haven Water & Power Co., 233 Pa. 107; Hobel v. M. & S. Ry. & Light Co., 233 Pa. 450. Plaintiffs' contention is that the transformer at the pole had broken down, permitting the high voltage current to enter the mill on the secondary wires and set it on fire. The evidence tending to support this contention is circumstantial. Two men had been working in the mill that day and closed it at 5 o'clock p. m.; the fire was discovered 10 minutes later at or near the switch board where the wires entered the building, and plaintiffs' evidence is that at the same time, for a distance of some 10 feet from the mill, the insulation was burning on the wires, which were spluttering and sparking. At five o'clock the man who turned off the main switch saw an unusual flash and felt an unusual shock. The switch board was damp, because of recent rain, which would tend to the forming of a short circuit. There had been no fire in the mill that day, and, so far as appears, nothing to cause one, aside from the electric wires, unless it might be spontaneous combustion.

Fuses are somewhat in the nature of safety valves and are placed in electric wires so as to burn and break the connection when subjected to a dangerous overload of electricity. The current leading to the mill had often been interrupted by burning of fuses at the transformer, and were replaced the last time about three weeks before the fire by an employee of defendant, who stated as he finished the work that he had put in a heavier fuse which would control everything and stop all blow-outs. The court properly admitted the declarations of this em-

ployee made in connection with the work in hand and as explanatory thereof: Sidney School Furniture Co. v. Warsaw Sch. Dist., 122 Pa. 494; Penna. R. R. Co. v. Books, 57 Pa. 339; Marcus v. Gimbel Brothers, 231 Pa. 200, 208. When constructed, the apparatus within a transformer is submerged and remains in oil, and one of defendant's employees testified that the day after the fire, when at or near the transformer in question, he detected the odor of burning oil, but was not certain it came from the transformer; if it did, and that was for the jury, it would indicate excessive heat there and thus might tend to support plaintiffs' contention. Plaintiffs' testimony tended to prove other facts and circumstances, and their expert, practically on an assumption of the truth of their evidence, expressed the opinion that the transformer had broken down, thereby causing the high voltage current to enter the mill and cause the fire.

A strong defense was presented, both by lay and expert evidence, yet it was for the jury. A case supported by substantial, though circumstantial, evidence cannot be taken from the jury because of the strength of the opposing proof (see Williams v. Phila. R. T. Co., 257 Pa. 354, 360; Devlin v. Beacon Light Co., 198 Pa. 583; Howard Express Co. v. Wile, 64 Pa. 201), and when a plaintiff's claim is supported by more than a scintilla of evidence it must go to the jury, even where a verdict in his favor would be so greatly against the weight of the evidence as to require the granting of a new trial: Hewitt, Receiver, v. Democratic Pub. Co., 260 Pa. 59; Dinan v. Supreme Council, 210 Pa. 456.

If plaintiffs' property was destroyed by the 220-volt current they could not recover, for the burden was upon them to show not only that the fire was caused by electricity but that it was caused by a high voltage current; if by the latter there was sufficient evidence of defendant's negligence, in permitting such high voltage current to enter plaintiffs' mill, to take that question to the jury. Moreover, while an electric company is not an

insurer, yet, when its customer is injured by an excessive current of electricity entering his premises on the company's wires, the burden is upon the latter to offer such explanation as will relieve it of responsibility. Under such circumstances the doctrine of res ipsa loquitur applies: Alexander v. Nanticoke Light Co., 209 Pa. 571; Seeherman v. Wilkes-Barre Co., 255 Pa. 11; Long v. St. Clair Borough, 253 Pa. 92; Delahunt v. United T. & T. Co., 215 Pa. 241; 9 R. C. L., p. 1221, sec. 30; 15 Cyc. 478. However, we have not extended that doctrine so as to embrace accidents caused by an electric current under other circumstances; for example, to cases of injury to employees of electric companies, or to people upon the highways, by contact with live wires, etc.; where, in addition to proof of the accident, the burden is on plaintiff to show defendant's negligence. And the rule of res ipsa loquitur could not be applied here except as based upon a finding that the fire resulted from a high voltage current of electricity brought to the mill on defendant's wires.

There was no objection made to the hypothetical question plaintiffs propounded to their expert, hence his answer thereto should not have been disregarded by the trial court on the ground that the question omitted some essential features. Such course was not fair to plaintiff; for, had an objection been made, the question might have been reformed accordingly, or the defects supplied by other evidence: see Albert v. Phila. R. T. Co., 252 Pa. 527; Arons v. Smit, 173 Pa. 630.

There was some evidence tending to show contributory negligence, but that question was also for the jury.

While much assisted by the exhaustive and analytical opinion of the learned trial judge, we are unable to agree with his final conclusion.

The judgment is reversed and the rule to show cause why judgment should not be entered for the defendant on the whole record is discharged with a procedendo.