## Gower v. City of Harrisburg.

*Practice, C. P.—Judgment upon the whole record—Act of April 20, 1911.*
1. The Act of April 20, 1911, P. L. 70, authorizing the entry of judgment upon the whole record, authorizes such judgment only in cases where binding instructions should have been given at the trial. Where there is a conflict of testimony as to material facts, it must be passed upon by a jury, and the court cannot enter judgment upon the record.

*Negligence—Contributory negligence—Failure to see hole in pavement—Automobiles—Duty of driver.*
2. The fact that the driver of an automobile failed to see a hole in the pavement, about eighteen inches long, twelve or fourteen inches wide and three inches deep, and drove his car into it, is not of itself proof of contributory negligence so as to bar recovery by him for damages sustained.
3. It has never been laid down as an inflexible and unvarying rule of law that the driver of an automobile must keep his eyes constantly fixed on the roadbed. All that is required of him is to keep his eyes open and his wits about him, and he must look where he is driving.

Motion for judgment for defendant upon the whole record. C. P. Dauphin Co., Sept. T., 1920, No. 514.

*John R. Geyer*, City Solicitor, for motion.

*Thomas S. Hargest* and *William M. Hain*, contra.

WICKERSHAM, J., June 22, 1922.—The jury at the trial of this case having disagreed, the defendant made a motion for judgment in its favor upon the whole record, as provided in the Act of April 20, 1911, P. L. 70.

In passing upon the pending motion, the court must assume the truth of plaintiff's evidence and consider all favorable inferences that can be drawn therefrom. Under the Act of 1911, judgment can be entered on the entire record only where binding instructions should have been given to the jury: Derrick *v.* Harwood Electric Co., 268 Pa. 136. The plaintiff was driving his automobile along the northern side of Derry Street, in the City of Harrisburg, May 7, 1919, at about 6.30 o'clock in the evening. The weather was clear and sunshiny, and the street was dry. The left front wheel of his automobile struck a hole in the street, which was about eighteen inches long, twelve or

fourteen inches wide and about three inches deep, located about eighteen inches north of the northern street railway track, whereupon his car swerved to the right, struck a tree, the car was wrecked and plaintiff sustained injuries about which he complains, and to compensate him for which this suit is brought. The nature and extent of his injuries were not seriously controverted at the trial.

The contention of defendant was, and still is, that the said hole in the street could have been so easily and so readily seen by the plaintiff that it was so palpable that to fail to see it amounted to such contributory negligence on the part of the plaintiff which should have moved the court, at the trial, to give binding instructions for the defendant, and, therefore, having refused to so do, it now becomes incumbent upon us to enter judgment in favor of the defendant upon the whole record.

Counsel for the defendant, in his brief, calls attention to the testimony of the plaintiff as found upon the record: That he was driving a Hupmobile roadster, weighing about 1525 pounds; that he was driving along the street normally; all at once there was a jar, the car swerved to the right; that he made a twist to fetch it back, but could not; that it appeared to be locked, immediately then there was a tree and the plaintiff did not remember anything; that it was a bright, sunshiny day, the streets were dry; that it was a wide paved street; that he was looking ahead; that there was no automobile between him and Thirteenth Street, or any trolley car; that there were no people on the street from Fourteenth Street to Thirteenth Street, although some were standing on the curb at Fourteenth Street; that there was nothing in the square between Thirteenth and Fourteenth Streets, and nothing passed him; that, at the rate of eighteen miles an hour, he could stop his car in a car and a-half length, and that his car had a wheelbase of about 100 inches; he did not see the hole; there was no one in the square between him and Thirteenth Street, and he was looking ahead; he had his car under control, and he was sober. It also appeared from the testimony of the plaintiff and some of his witnesses that the distance between the hole and the tree with which his car collided was variously estimated at between eight and fifteen feet; and one of the plaintiff's witnesses testified that he saw the hole about six or seven weeks before, and right after, the accident; he measured it, and testified the bottom was rough-like, small stones in the bottom of it, of grayish color, and that "you could see the hole twenty feet away from it; that is, driving a car."

It was earnestly argued by the City Solicitor that in consideration of the above quoted testimony—of all the testimony heard in the case—it appeared that the plaintiff was guilty of contributory negligence in not seeing the hole, in support of which he referred to Lerner v. City of Philadelphia, 221 Pa. 294, where it was held that when one abandons the use of his natural senses for the time being, and chooses to walk over a pavement by faith exclusively, and is injured because of some defect in the pavement, he has only himself to blame. In this case the plaintiff, a woman, stepped into a depression in a sidewalk, caused by the displacement of some bricks; there was nothing to prevent her from seeing the depression, except some passing people, and neither she nor her witnesses testified that the crowd was so great as to prevent her from seeing the defect. It seems to us there is a clear distinction between this case and the case at bar. While it might be quite easy for a pedestrian passing along a sidewalk to see displaced bricks therein and avoid an accident, it is quite another matter for the driver of a motor-vehicle, at the very moderate rate of eighteen miles an hour, to see a slight depression in a paved street. Nor do we consider the case at bar ruled by Smith v. Jackson

2 D. & C.

Township, 20 Pa. Superior Ct. 337, which is also relied upon by the City Solicitor of the defendant. It has never been laid down as an inflexible and unvarying rule of law that the driver of an automobile must keep his eyes constantly fixed on the roadbed and is affected with notice of every defect therein which can be detected by doing so; all that is required of him is to keep his eyes open and his wits about him, and he must look where he is driving. It is the omission of this plain duty which amounts to negligence and bars recovery for the injury to which it contributed. Smith v. Jackson Township only decides that a person who has knowledge of the existence of a hole in a bridge is not relieved from the duty of looking ahead by reason of the fact that, in driving over the bridge a few hours before, he had noticed that a board had been nailed over the hole. We do not recall any evidence offered to prove that the plaintiff in the case at bar knew of the hole or depression in Derry Street which he claims caused the accident.

There was a conflict of evidence offered at the trial of this case. At the first trial the plaintiff testified that the distance from the hole to the tree was from twenty to twenty-five feet; at the last trial he estimated the distance to be twelve feet. He did not see the hole; he was looking ahead and had his car under control; the car had very good brakes. Dr. Swiler testified he judged the distance from the hole to the tree was eight feet. William Hoffman testified that the distance from the hole to the tree was about nine feet. The witness Suter testified you could see the hole very plainly; that he saw it a week before the accident. The witness Eby testified the distance from the hole to the tree was between twenty-five and thirty feet; that the hole was thirteen inches one way, fifteen inches the other, and either two and a-quarter or two and three-quarters inches deep at the centre; he did not know how long it had been there, but he saw it a number of times before, because it was right in front of his house; if you looked in the direction of it, you could not help seeing it; the bottom of the hole was gray; it seemed that the binder had been removed, and then there was a little of the concrete gouged out by the wagons or whatever vehicles would be crossing it; the color of the asphalt around the hole was grayish; in a measure, there was a difference in color between the surface of the street and the bottom of the hole; the hole was darker than the natural asphalt. The witness Ferry hit the hole himself five or six weeks before the accident; the hole was eighteen inches long, fourteen inches wide and two and three-fourths inches deep; it was of a grayish color. The witness judged you could see the hole twenty feet away from it; that is, driving in a car. He estimated that in a diagonal direction the hole was twenty feet from the tree. Asked whether you could see the hole, the witness replied: "Well, if you knew that the hole was there, you could, but when I noticed the hole the first time, I hit it." The witness Barnes testified the hole was twenty-two inches north from the northern rail of the trolley company; that it was twenty-two inches long, fifteen inches wide and two inches deep at the deepest point; the sides were worn down by traffic; they were sloping a little bit; he measured the distance from the hole to the tree and found it to be thirty-one feet, six inches, and from the hole to Thirteenth Street was 226 feet; the bottom of the hole was the color of concrete, cement; grayish color; the concrete around the hole was of a gray, worn a little; the hole wasn't like new; it was worn down quite a good bit.

There appears to be a conflict in the testimony we have quoted relating to the distance from the hole in the street to the tree against which the automobile collided; relating to the width, the length and depth of the hole, and the difficulty or ease with which it could or ought to have been seen by those

using the street. We think this conflict in testimony must be decided by a jury. As we have already stated, in passing upon the record, we must assume the truth of plaintiff's evidence and consider all favorable inferences that can be drawn therefrom; so doing, the case presents questions for a jury, and the entry of judgment for the defendant would be error. Such judgment can be entered only where binding instructions should have been given at the trial: Derrick v. Harwood Electric Co., 268 Pa. 136; Duffy v. York Haven Water and Power Co., 233 Pa. 107; Hobel v. M. & S. Railway and Light Co., 233 Pa. 450; Bradican et al. v. Scranton Ry. Co., 260 Pa. 555.

This case is not ruled by Bean v. City of Philadelphia, 260 Pa. 278. It there appeared that the plaintiff was injured by driving into a hole in the street in broad daylight, and it also appeared that he was driving a horse, attached to a delivery wagon, at a walk, and that the hole was plainly discernible for seventy-five feet, and the plaintiff further testified that he had not looked at the surface of the roadway for at least two minutes before the accident.

The Act of April 22, 1905, P. L. 286, authorizing the entry of judgment *non obstante veredicto* upon the whole record, and the Act of April 20, 1911, P. L. 70, authorizing the court, when a jury has disagreed, to enter judgment in favor of the defendant upon the whole record, are very similar to each other; in fact, they are almost identical. In passing upon the authority of the court under the former act in Schwarz v. Glenn, 244 Pa. 519, it was held, on a motion for judgment *non obstante veredicto*, the court cannot enter judgment against the verdict where there is a conflict of evidence on a material fact, or any reason why binding instructions should not be given; and in Lindemann v. Pittsburgh Rys. Co., 251 Pa. 489, it was said by Judge Brown, *sur* defendant's motion for a new trial *(vide* 493) : "As already suggested, many lay and expert witnesses testified touching the issues submitted to the jury. The credibility of their testimony—all oral—was to be weighed by the jury: Reel v. Elder, 62 Pa. 308; Duffy v. York Haven Water and Power Co., 233 Pa. 107, 110. Credibility is the touchstone of testimony in the measure of its weight. The weight of testimony is that which the jury determines after considering the various elements necessarily entering into its makeup, such as the manner and appearance of the witnesses on the stand; their bias and interest in the subject-matter of the controversy; the consistency and inconsistency, contradiction and variation in the stories told by them, and other surrounding circumstances giving it an impress, weak or strong, true or false. Some testimony may be as good as gold, as genuine as a standard coin, and some as worthless as a counterfeit. Testimony may bear the stamp of truth or the badge of fraud or perjury. Who is to pass upon its value? The jury alone. The court cannot invade the province of the jury."

The judgment of Judge Brown was affirmed by the Supreme Court on the opinion of the learned court below.

We are convinced, after a careful study of the testimony taken at the last trial of this case, and submitted to the jury, that there is a conflict in parts of such testimony material to the issue, to wit, the distance from the hole in the street to the tree with which the automobile of the plaintiff collided; whether the wheels of the automobile ever struck the hole—a very material witness having testified that he followed the tracks of the plaintiff's automobile back to the hole and that they did not indicate that the wheels thereof had ever struck the hole, and whether the hole could or could not be easily seen and readily distinguished by a person driving upon the street in an automobile. We are governed by the authorities which we have just quoted. We

2 D. & C.

think these questions must be submitted to another jury for its determination, and, therefore, the motion of the defendant that judgment be entered in its favor upon the whole record is overruled, and we think a new trial ought to be and is hereby granted to the plaintiff. Exception to defendant.

From William Jenkins Wilcox, Harrisburg, Pa.