# Bailey, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroads—Walking on tracks—Track repairman—Contributory negligence—Nonsuit.*

No damages can be recovered from a railroad company for the death of one of its track repairmen, where it appears that the deceased after the end of his working day, started to walk to his home on one of the tracks of the railroad, although there was another and safer route, but a longer one, and was killed, without anyone seeing the accident, by being struck by the tender of an engine which was running rapidly backward and westward on the eastbound track.

Such a case is within the rule that a railroad company has the right to the exclusive possession of its tracks, except at crossings, and that a person who enters upon the tracks at any other point than at such crossings, is guilty of negligence per se. The fact that the deceased was an employee of the company, and that for several years he had used the tracks to reach his home, is immaterial.

The fact that a person makes frequent use of a railroad track by walking along it longitudinally at a point where the company has the right to the exclusive possession of it, cannot be construed to mean consent to such use by the company. In the absence of evidence showing permission to use its tracks, the necessity for the exclusive use by the company in the operation of its trains, excludes any presumption of the company's consent to its use for any other purpose.

Argued March 18, 1908. Appeal, No. 88, Jan. T., 1908, by plaintiff, from order off C. P. Bradford Co., Feb. T., 1906, No. 10, refusing to take off nonsuit in case of Mahala Bailey v. The Lehigh Valley Railroad Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before FANNING, P. J.

The facts relating to the accident are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*D. C. De Witt,* for appellant.

*Davies & Davies* and *Henry Streeter,* for appellee, were not heard.

OPINION BY MR. JUSTICE MESTREZAT, March 30, 1908:

The plaintiff is the widow of Ambrose Bailey who was killed on December 6, 1904, on the defendant's road about two miles west of Wyalusing borough, Bradford county. For five years prior to his death, the deceased was in the employ of the defendant company as a track repair man, and lived a few rods from the defendant's tracks, and about three miles west of Wyalusing. When engaged at his work he would usually report for duty at the company's tool house near Wyalusing, and when his day's work was ended, he would go to the tool house and was there discharged. It was his custom to go to the tool house and return from it along the defendant's tracks. There was a public highway leading from Bailey's house to Wyalusing, but the distance was nearly a mile farther than along the railroad. In order to reach a public highway from the tool house, it was necessary to go along the defendant's tracks a distance of half a mile, or by a path leading through the fair grounds east direct to the main highway in Wyalusing borough, a short distance away. On December 6, 1904, the day of the accident, the deceased was employed with other workmen south of the Wyalusing depot. He, with the other employees, returned from their labor on a handcar to the tool house, about five o'clock in the evening. Soon after his arrival at the tool house, he left for his home, following the line of the defendant company's tracks. At the place of the accident, the defendant has a double track road running east and west. The court below in its statement of the facts says: " As Bailey, who had completed his day's work, was proceeding west, being about a mile from his home and not far from two miles west of the tool house, he was struck probably by the tender of this engine, which was running rapidly backward and westward on the east bound track, and killed. . . . His body was found between the track and the highway a short distance therefrom, evidently near the point where he was struck." The court granted a nonsuit which it subsequently refused to take off. The plaintiff has taken this appeal.

The plaintiff's contention is " that if Bailey was upon the track by the act of the defendant, or by license, or with the knowledge and consent of the defendant, express or implied, going to and from his work without objection for several years,

then he was not, when leaving the premises in the ordinary manner, a trespasser; that if the company did not use ordinary care, was negligent in running its engine backward and westward on the east bound track at a high rate of speed without a light on the tender and such negligence was the cause of the accident, and the deceased without fault, then the plaintiff is entitled to recover." The plaintiff contended that the case should have been submitted to the jury, and if the facts were according to her contention, the defendant company was responsible for her husband's death.

It is settled law in this state that a railroad company has the right to the exclusive possession of its tracks except at crossings; and that a person who enters upon the tracks at any other point than at such crossings is guilty of negligence per se. Where the public have the right to cross a railroad, the company in the operation of its trains must exercise ordinary care to prevent accidents. This necessarily follows from the right of the public to cross the tracks. But at all other points upon a railroad, where the railroad company has the exclusive right to the use of its tracks, the person who enters upon the tracks becomes a trespasser, and the only duty imposed upon the company at that place is to refrain from wantonly injuring the trespasser. In operating trains on its road at all places other than at crossings, the company's employees in charge of the train have the right to assume that no person will enter upon the tracks, or if upon the tracks will immediately leave them upon the approach of the train. The train men may act upon this presumption, and if a person trespassing on the tracks is killed, the company is not liable unless his death is caused by the wanton or willful conduct of those in charge of the train. As said by Mr. Justice STRONG in Philadelphia & Reading Railroad Company v. Hummell, 44 Pa. 375, 379: " If the use of a railroad is exclusively for its owners, or those acting under them; if others have no right to be upon it; if they are wrongdoers whenever they intrude, the parties lawfully using it are under no obligations to take precautions against possible injuries to intruders upon it. . . : Precaution is a duty only so far as there is reason for apprehension. No one can complain of want of care in another where care is only rendered necessary by his own wrongful act."

We are unable to see anything in the facts of this case that takes it out of the rule that declares a person a trespasser who voluntarily enters upon a railroad at any other place than at a crossing. As said by the learned counsel for the appellant, " Bailey's work and employment commenced and ended at the tool house." There is no evidence in the case that would warrant the inference that the company gave him permission to use its tracks in going to and returning from the tool house. The company was not required to concern itself about where Bailey lived, or how he went to his labor or returned from it to his home. In this respect he was at liberty to act in accordance with his own pleasure. He could use the public road or, if he desired to take a shorter route, he could use the railroad. Choosing the railroad instead of the other and safer route was solely his own act, for which the company was not responsible. That for several years Bailey used the tracks of the road going to and returning from his labor without objection on the part of the company is not sufficient to show its consent to his action, or, as contended by the plaintiff, that he was upon the track by the act of the defendant company, or by its license, or with its knowledge and consent. The fact that a person makes frequent use of a railroad track by walking along it longitudinally at a point where the company has the right to the exclusive possession of it, cannot be construed to mean consent to such use by the company. In the absence of evidence showing permission to use its tracks, the necessity for the exclusive use by the company in the operation of its trains excludes any presumption of the company's consent to its use for any other purpose. This is not the case of a permissible crossing of a track where the company must recognize the rights of others in the use of its tracks. There it is the duty of the company to exercise ordinary care to prevent collisions and accidents. Here there was no evidence tending to show that the company had granted any, permission or license for any person to occupy its tracks longitudinally in walking from one point to another upon its road. The safety of its passengers, as well as the protection of its own employees and property, required the company to insist upon a free and clear track, and that its tracks should be used for no other purpose. That

one individual, and he an employee, saw proper to use its tracks for his own convenience in passing from one point to another along its road is not sufficient evidence of permission to make such use of the track. A railroad is not built to be used as a footpath for the convenience of the public. On the other-hand, the safety of the traveling public demands that all persons refrain from trespassing upon a railroad, and that the company insist upon its exclusive use of the tracks.

There is nothing in the evidence to show that the death of the plaintiff's husband was caused by the wanton or willful act of the trainmen. The accident did not occur in a thickly populated community nor in the suburbs of a city, nor at a place where the use of the tracks by a pedestrian could reasonably be anticipated. There were no residences in that vicinity, nor any path or road leading across the tracks. It was at a place where the company had the exclusive use of its tracks, and there was nothing to induce the belief that they would be used by any person or for any purpose than by the company in operating its trains. No witness saw the locomotive strike the deceased, and there is no evidence in the case to show that the company's servants in charge of the locomotive saw Bailey, or knew that he was on the track before he was struck and killed. Hence, there is nothing in the case to warrant the conclusion that Bailey's death was caused by the willful or wanton act of the company's servants in charge of the locomotive.

As we have said above, Bailey was not struck by the locomotive at a crossing where the company's trainmen were required to use ordinary care to protect him, nor, as suggested, does he come within that class of cases where it is held that a person who is paid a certain amount per day and furnished with transportation is a passenger while being carried to and from his place of employment. The plaintiff admits that Bailey's work began and ended at the tool house. His contract for his services did not include transportation to and from the tool house. In fact, he was not being carried by the company's train or being transported in any way by the company when he was killed. Hence there is no ground whatever for the suggestion that at the time he was killed he was entitled to the rights of a passenger. Equally inap-

plicable to the case in hand is the doctrine announced in Ham v. Delaware & Hudson Canal Company, 155 Pa. 548, and Tilburg v. Northern Central Railway Company, 217 Pa. 618. In those cases the injured party was a passenger, and his injuries resulted from his being wrongfully ejected from the train at a place of danger. The fact that he was subsequently on the railroad tracks was not his own act but that of the company in wrongfully ejecting him from the train, and while he was attempting to escape from the dangerous position in which the company had placed him. In the case in hand Bailey voluntarily entered upon and walked along the company's track, and thereby put himself in the place of danger without any wrongful act of omission or commission on the part of the company. He had not been a passenger and discharged from the company's train immediately before he was killed. At the time he was struck by the locomotive the company owed him no duty as a passenger. The plaintiff, therefore, cannot invoke the doctrine of the Ham and Tilburg cases to impose liability on the defendant company for her husband's death.

Under the evidence in the case we must conclude that Bailey was on the defendant's tracks at the time he was killed without any necessity on his part or authority from the company. He was carelessly walking upon the track longitudinally, and having no right or authority to do so he was a trespasser and, therefore, his death was the result of his own negligence.

This is a most unfortunate and distressing accident, and naturally excites the keenest sympathy. A large family is deprived of its head and its protector. These facts, however, will not justify the court in holding the defendant responsible for Bailey's death under the circumstances disclosed by the evidence.

The judgment is affirmed.