# Conner v. Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Car and wagon—Head on collision—Contributory negligence.*

Where a driver of a wagon goes onto a street railway track because of obstruction on both sides, and a car in front of him and coming in his direction, stops at a crossing fifty feet from him, and the motorman notwithstanding signals starts his car abruptly and with full force, and runs the wagon down before it can leave the track, the railway company is liable for the resulting injuries to the driver.

Argued April 14, 1909.  Appeal, No. 10, April T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 794, on verdict for plaintiff in case of William M. Conner v. Pittsburg Railways Company.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before CARNAHAN, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,400.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*James C. Gray*, with him *Clarence Burleigh* and *William A. Challener*, for appellant.—Plaintiff was guilty of contributory negligence in not looking for a car before he turned his horse towards the track on which the car was coming: Carson v. Ry. Co., 147 Pa. 219; Ehrisman v. Ry. Co., 150 Pa. 180; Darwood v. Traction Co., 189 Pa. 592; Kern v. Traction Co., 194 Pa. 75; Pieper v. Traction Co., 202 Pa. 100; March v. Traction Co., 209 Pa. 46; Moser v. Traction Co., 205 Pa. 481; Timler v. Transit Co., 214 Pa. 475; Brown v. Traction Co., 14 Pa. Superior Ct. 594; McPhillips v. Traction Co., 19 Pa. Superior Ct. 223; Potter v. Ry. Co., 19 Pa. Superior Ct. 444; Houston Bros. Co. v. Traction Co., 28 Pa. Superior Ct. 374.

*C. W. Jones*, with him *H. S. McKinley*, for appellee, cited: Baughman v. R. R. Co., 92 Pa. 335; Ry. Co. v. Boudrou, 92 Pa. 475; Sharrer v. Paxson, 171 Pa. 26; Gilmore v. Ry. Co., 153 Pa. 31; Smith v. Traction Co., 3 Pa. Superior Ct. 129; Cleary v. Traction Co., 179 Pa. 526; Eastman v. Ry. Co., 37 Pa. Superior Ct. 287; Waechter v. Traction Co., 198 Pa. 129.

OPINION BY HENDERSON, J., July 14, 1909:

It requires a clear case to justify the court in denying a recovery to the plaintiff on account of contributory negligence. This is not such a case. No evidence was introduced for the defendant and the argument in behalf of the appellant is based on the testimony introduced by the plaintiff. The accident occurred on Robinson street on which a single track of the defendant company is located. The plaintiff was driving westwardly; the car with which he was in collision was going eastwardly. An ice wagon standing in front of a saloon on the north side of the street obstructed the plaintiff's progress along that side. He, therefore, turned to the left onto the track just as the defendant's car turned the curve from School street onto Robinson street. The plaintiff was in a two wheel driving sulky to which one horse was attached. According to his testimony and that of

another witness the car stopped at the crossing when it came onto Robinson street. The plaintiff's horse was then headed toward the car. Finding it dangerous to attempt to pass between the car and the ice wagon the plaintiff turned his horse toward the curb on the side along which he had been driving and attempted to get off the track there. While so doing the car was started suddenly by the motorman, notwithstanding the fact that the plaintiff signaled and called to him to wait and give him time to get off the track. At the time this signal was given the car was forty or fifty feet away from the plaintiff. An obstruction on the south side of the road prevented the plaintiff from driving across the track, and his only means of escape seems to have been to get back onto the street in the rear of the ice wagon. The car was coming with sufficient speed to carry the plaintiff and the vehicle about sixty feet. The testimony of the plaintiff is explicit that the car stopped at the regular stopping place after turning the curve onto Robinson street and that, in the words of the plaintiff, "The motorman very abruptly turned his car on full force and mashed me down." At that time the horse was off the track and the front left corner of the car struck the left side of the cart. If the case were one in which the plaintiff had driven onto the track immediately in front of an approaching car the authorities cited by the learned counsel for the appellant would be decisive, but the evidence admits of an entirely different conclusion. The place at which the car came out of School street onto Robinson street on the sharp curve was only the width of five city lots from the place where the ice wagon stood, and the plaintiff's field of vision was necessarily short for that reason. What the legal situation might be in the absence of evidence that the car stopped at the crossing we need not now consider, but taking that feature of the case into consideration we think it clear that a jury alone could determine the duty of the respective parties under the circumstances: Cleary v. Traction Co., 179 Pa. 526. The plaintiff had a right to be on the street and to drive on the track to avoid the ice wagon. If the car came onto Robinson street in the manner described by him and stopped at the crossing when he was in plain view of the motorman and the car

was then started without giving him an opportunity to get out of the dangerous situation in which he found himself a case for negligence could be sustained. We think the action of the court in refusing to give binding instructions and in overruling the motion for judgment non obstante veredicto was warranted by the evidence.

The judgment is affirmed.