# Devereux, Appellant, *v.* Philadelphia & Reading Railway Co.

*Negligence—Railroads—Trespassing animals—Nonsuit.*

1. The owner of animals trespassing upon the right of way of a railroad cannot recover damages for injuries sustained, unless he shows gross or wanton negligence on the part of the railroad's employees.

2. In an action against a railroad company to recover damages for the death of horses killed while trespassing upon the right of way of the defendant company, it was held that a nonsuit was

properly entered, where there was no evidence of wilful, wanton or gross negligence.

Argued March 30, 1914.  Appeal, No. 46, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1911, No. 3034, refusing to take off nonsuit in the case of A. J. Antelo Devereux v. Philadelphia & Reading Railway Co.  Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for death of horses.  Before HEYDT, P. J., specially presiding.

The opinion of the Supreme Court states the case.

The court entered judgment of nonsuit, which it subsequently refused to take off.  Plaintiff appealed.

*Error assigned* was in refusing to take off nonsuit.

*Stevens Heckscher,* of *Duane, Morris & Heckscher,* for appellant, cited: Railroad Co. v. Skinner, 19 Pa. 298; North Pennsylvania Railroad Co. v. Rehman, 49 Pa. 101; Ely v. Pittsburgh, Etc., Ry. Co., 158 Pa. 233; Strader v. Monroe Co., 202 Pa. 626; Hunterson v. Traction Co., 205 Pa. 568; Clark v. Lancaster, 229 Pa. 161; Cronmuller v. Evening Telegraph, 232 Pa. 14; Parker v. Matheson Motor Car Co., 241 Pa. 461; C. & N. W. Ry. Co. v. Smedley, 65 Ill. App., 644; Mooers v. R. R. Co., 69 Minn. 90; Bostwick v. Railway Co., 2 N. D. 440; Nicholson v. Chicago, M. & St. Paul Ry. Co., 137 S. W. Repr. 69; Alabama G. So. R. R. Co. v. Hall, 133 Ala. 362; Slocumb v. C. B. & Q. R. R. Co., 57 Iowa 675; St. L. & S. F. R. R. Co. v. Carlisle, 75 Ark. 560; Richmond v. Sacramento Valley R. R. Co., 18 Cal. 351; Mo. Pac. R. R. Co. v. Wilson, 28 Kan. 637; Kentucky Cent. R. R. Co. v. Lebus, 14 Bush. 518; Galveston, H. & S. A. Ry. Co. v. Balkam, 20 S. W. Repr. 860; Piepke v. P. & R. Ry. Co., 242 Pa. 321.

*Wm. Clarke Mason,* for appellee, cited: Railroad Co. v. Skinner, 19 Pa. 298; No. Penna. Railroad Co. v. Rehman, 49 Pa. 101; Fisher v. Railroad Co., 126 Pa. 293; Clark v. Railroad Co., 24 Pa. Superior Ct. 609; Snyder v. Railroad Co., 205 Pa. 619; Scowden v. Railroad Co., 26 Pa. Superior Ct. 15; Thubron v. Contracting Co., 238 Pa. 443.

OPINION BY MR. JUSTICE ELKIN, April 20, 1914:

We have read with interest and care the very able argument of learned counsel for appellant, but cannot agree that what has been considered the settled rule of our cases should be disregarded in order to meet the exigencies of the case at bar. It is frankly conceded that if the doctrine of our earlier cases is still the law in Pennsylvania, appellant can only recover on the ground of gross and wanton negligence. If a trespasser upon the right of way of a railroad company, not at or near a public crossing, can only recover damages for injuries sustained on the ground of wilful, wanton, or gross negligence, it is clear appellant has no case under the facts disclosed by this record. The argument of appellant is intended to suggest that this rule has become obsolete and should no longer be adhered to in determining the liability of a railroad company. The horses, the value of which this suit was brought to recover, were killed while trespassing upon the right of way of the defendant company, and this is conceded, but it is contended that under all the facts disclosed by the testimony it was for the jury to say whether the railroad company exercised proper and reasonable care under the circumstances. We see nothing in the case to take it out of the rule which has been recognized and followed in our State for more than half a century. For a general discussion of the doctrine upon which the rule was based see: Railroad Co. v. Skinner, 19 Pa. 298; No. Penna. Railroad Co. v. Rehman, 49 Pa. 101. Counsel have called our attention to numerous cases in other jurisdictions in which a differ-

ent rule has been adopted, but in most of these jurisdictions the question was controlled by statutory requirements. In many of the states railroad companies are required by statute to fence their rights of way, and this being an imperative duty intended primarily as a protection to trespassing animals, the courts very properly held that the law was intended as a protection to the owners of such animals as happened to stray upon the railroad tracks and that a higher degree of care was required on the part of railroad companies by reason thereof. But aside from these considerations we see nothing in the present case to justify a departure from the rule of our own cases which for a long period of years has been considered settled law in this State. Our rule has always been that a trespasser upon the right of way of a railroad company, or the owner of trespassing animals, cannot recover damages for injuries sustained unless he shows gross or wanton negligence on the part of the railroad employees. It is better to adhere to the settled rule than to attempt the doubtful expedient of establishing a new and uncertain one.

This is a case in which a whole volume might be written without aiding in the solution of the question involved, and we will therefore refrain from further discussing the merits of the rule which we consider decisive of this controversy.

Judgment affirmed.