# Horne, Appellant, *v.* West Chester Street Railway Company.

*Negligence — Street railway companies — Trespassing horse — Nonsuit.*

Where a horse is killed by an electric car while trespassing on the private right of way of a street railway company, there can be no recovery from the company 'for its loss, where there is no evidence to show how the animal got to the place where he was killed, or to show that he was run into as the result of any wilfulness or recklessness of the employee of the company operating the car

Argued Nov. 16, 1915. Appeal, No. 182, Oct. T., 1915, by plaintiff, from order of C. P. Chester Co., Aug. T., 1914, No. 86, refusing to take off nonsuit in case of Jacob E. Horne v. West Chester Street Railway Company. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for death of a horse.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*W. S. Harris,* for appellant, cited: Ferry v. Philadelphia Rapid Transit Co., 232 Pa. 403.

*A. M. Holding,* for appellee, cited: Taylor v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 607; Debereux v. P. & R. Ry. Co., 245 Pa. 136.

OPINION BY HEAD, J., July 18, 1916:

The plaintiff sues to recover the value of a horse which was struck by a car operated by the defendant company and so injured that it had to be killed. The defendant's car was being operated on its track, not on any public highway but on a private right of way owned by the company. There was a fence between the track and right of way and the public highway. On the other side of the track was an unfenced pasture field in which the plaintiff or his tenant was accustomed to graze his stock. At or about the point of the accident there was a gate leading from the highway through the fence aforesaid to the track of the company, and at that point the cars were accustomed to stop when occasion required to receive or discharge passengers. It was just at this point the horse was struck. No witness saw the collision. There is evidence that the horse was inside the fence, close to the gate, and either on the track of the defendant or so close to it that he was necessarily struck by the car. How the animal got to that place, the evidence does not disclose.

At the conclusion of the plaintiff's case the learned trial judge entered a compulsory nonsuit and thus stated his reasons therefor: "I direct this nonsuit because the evidence shows that the horse that was destroyed was a trespasser on the track of the trolley company, and the evidence entirely fails to show that he was run into as the result of any wilfulness or recklessness on the part of the defendant company." No such wilful or wanton

injury is alleged in the statement of claim although the learned counsel for the appellant, in his argument, seems to rely on the proposition that the evidence disclosed negligence of that character. We are unable to draw that conclusion from our reading of the testimony.

The case is practically ruled by Devereux v. Philadelphia, Etc., Railway Co., 245 Pa. 136. In the opinion of Mr. Justice ELKIN we find a situation portrayed exactly like the one presented by this record: "The horses, the value of which this suit was brought to recover, were killed while trespassing upon the right of way of the defendant company, and this is conceded, but it is contended that under all the facts disclosed by the testimony it was for the jury to say whether the railroad company exercised proper and reasonable care under the circumstances. We see nothing in the case to take it out of the rule which has been recognized and followed in our State for more than half a century."

Nor can we see anything in this case to differentiate it in principle from the one just cited. The same doctrine is affirmed in Taylor v. The Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 607, affirmed by the Supreme Court: vide 245 Pa. 189. The record discloses no reversible error and the judgment must therefore be affirmed.

Judgment affirmed.