## Ciszkowicz, Appellant, *v.* Scranton Railway Company.

*Negligence—Street railways—Head-on collision between car and wagon.*

In an action against a street railway company to recover damages for personal injuries, a judgment will be entered for defendant n. o. v., where the evidence shows that the plaintiff was driving a one-horse wagon on the track of defendant, that he had a clear view of an on-coming car for 1,150 feet, that in turning off the track, his horse had scarcely cleared the track when his wagon was struck head-on by the car, and that plaintiff's claim that his wheels slipped along the rails, and refused to leave, is not supported by any proof as to how far they slipped nor as to the condition of the rail and adjoining track, the width of the wagon tire, and depth of the flange below the topmost part of the rail and the adjoining track.

In such a case while it might happen that wheels may slip for a short distance, considering the space that separated the wagon and the car, the slipping was not likely to continue during all the time the plaintiff had to leave the tracks.

Argued March 6, 1918. Appeal, No. 16, March T., 1918, by plaintiff, from judgment of C. P. Lackawanna Co., June T., 1914, No. 285, for defendant n. o. v. in case of Jan Ciszkowicz v. Scranton Railway Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries and injuries to a horse and wagon. Before NEWCOMB, J.

At the trial the jury returned a verdict for plaintiff for $350.

On a rule for a new trial and judgment n. o. v. NEWCOMB, J., filed the following opinion:

The rule for new trial was abandoned at the argument. The only thing to be reviewed is the merits of defendant's request for binding instruction. It was declined at bar and the case submitted subject to the general question of liability reserved. It was for the jury unless the unavoidable inference of contributory negligence arises out of plaintiff's version of the circumstances; and that is the point now at issue.

The suit was for accidental injuries. Defendant stoutly contended that the accident was due to the fact that plaintiff had fallen asleep on his wagon. While that disputed allegation is not open to review, it is not at all inconsistent with what happened on plaintiff's own showing.

Defendant is a street passenger railway company. The place of the accident was on Main street in the village of Taylor, a suburb of this city, at a point opposite the Weisenfluh's hotel just north of the Grove street intersection. Plaintiff, huckster, was driving southerly at eleven o'clock at night on his way home from Scranton. There was no other traffic on the street. His eyesight is good; at least no claim is made or even suggested that it was in any way defective. The railway is a single track in the middle of a street thirty-eight feet wide between curbs and improved with sheet asphalt paving. Driving astride the westerly rail plaintiff suffered a head-on collision with a fully lighted car almost in an instant after he became aware of its approach and before he could turn aside. He had then been driving on the track in that way some two hundred and fifty feet, starting at a point affording a clear view of the track not less than 1,150 feet to the south, and nothing had happened

## 354 CISZKOWICZ, Appellant, v. SCRANTON RY. CO.

either to obstruct the view or to interfere with his attention.

Granting that no car was in sight when he drove on the track, there is no escape from the conclusion that it traveled at least nine hundred feet after it did come into view before he saw it so nearly upon him that there was no time to avoid the collision.

That could not be so, had he been looking as in duty bound to do. His description of the thing only serves to present two horns of a dilemma, upon either one of which his case must stand impaled. He was either unconscious of his surroundings, or else he drove along in stupid or reckless indifference to a visible peril.

He was not a trespasser merely because he was on the track; he only became so when he negligently remained there after notice of the approaching car, whereupon he was required to yield his place promptly: Dyer v. Philadelphia Rapid Transit Co., 58 Pa. Superior Ct. 634. But being deemed to have notice at any moment when in the ordinary use of his eyesight he must inevitably have seen this car, plaintiff cannot avoid its consequences. If he didn't have timely notice it was his own fault. He cannot evade notice of that which in the nature of the case was in plain sight. He must be regarded as a trespasser, and nothing short of either a wilful or wanton act of defendant's servants would make the company liable for his injury; and there was neither pleading nor proof to sustain a verdict for him on that ground.

Binding instruction should have been given as requested. The rule for new trial is accordingly discharged, and the rule for judgment for defendant on the reserved point is made absolute.

*Error assigned* was in entering judgment for defendant n. o. v.

*Philip V. Mattes,* with him *Morgan S. Kaufman,* for appellant.

*W. L. Hill,* of *Knapp, O'Malley, Hill & Harris,* with him *James G. O'Malley,* for appellee.

OPINION BY KEPHART, J., July 10, 1918:

After reviewing the testimony, we are unable to understand how the court below could have done otherwise than direct a verdict for the defendant. If this record does not present a clear case of contributory negligence, then there scarcely could be any such record. The court below, in directing judgment for the defendant, sets forth the facts as developed by the appellant and the law applicable thereto. We can add nothing to what is there so well considered. Counsel, with some earnestness, urge that the appellant should not be convicted of contributory negligence for the reason that when he attempted to clear the tracks the wheels of his wagon slipped along the rails and refused to leave. While making this effort, his wagon was struck. This was not the cause of the accident and the appellant submits no evidence of any extended effort to get the wheels from the tracks. He does not know, nor does he have any idea, how far they slipped; "the wheel was on the rail and it was sliding." "I could not tell whether it slid six inches or not; there was no time." His statement shows that his horse had scarcely cleared the track when his wagon was struck, and as he was riding with one wheel outside of the tracks it indicated that the slipping had nothing whatever to do with the accident. Moreover, he had a clear view of the oncoming car for eleven hundred and fifty feet. To recover under such circumstances, there must be evidence which plainly shows that the accident developed from conditions that the appellant could not foresee or control. These conditions must be of such character as to appear reasonable and likely to occur when all the circumstances surrounding them are taken into consideration. In the present case, the condition of the rail and the adjoining brick, the width of the wagon tire and the depth of the flange below the topmost part of the rail and

adjoining brick are not described, so that a likelihood to pinch or slip might naturally result from the wheel being in the groove. It was incumbent on the plaintiff to make a plain showing in this regard. While it might happen that wheels may slip for a short distance, considering the space that separated the wagon and the car, the slipping was not likely to continue during all the time the appellant had to leave the tracks. It is against common experience; and if it does, the details which make it possible should plainly appear.

The judgment of the court below is affirmed.