# Boden *v.* Philadelphia Rapid Transit Company, Appellant.

*Practice—Appeals—Refusal of binding instructions—Refusal of motion for judgment n. o. v.—Negligence—Contributory negligence —Question for jury.*

In an action of trespass for damages resulting from negligence where there was conflicting evidence as to negligence and contributory negligence which was submitted to the jury in a charge, fairly and adequately presenting the issues, and the assignments of error relate only to refusal of binding instructions and refusal to enter judgment n. o. v., judgment on the verdict must be affirmed unless the contributory negligence was so clear as to require the court to determine it as a matter of law.

In such action, the case is for the jury and a verdict for the plaintiff will be sustained where the evidence on the part of the plaintiff was that he drove on the tracks of the defendant company, because of the presence of a parked motor truck obstructing the roadway, and was struck by a street car negligently operated by the defendant's employees which was stationary when he drove on the tracks.

Argued October 14, 1921. Appeal, No. 189, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, Feb. T., 1921, No. 284, on verdict for plaintiff in the case of John Boden v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACNEILLE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $409 and judgment thereon. Defendant appealed.

606 BODEN *v.* PHILA. RAPID TRANSIT CO., Appel.

Assignment of Errors—Opinion of the Court. [77 Pa. Superior Ct.

*Errors assigned* were refusal to give binding instructions and refusal of motion for judgment non obstante veredicto.

*H. Rook Goshorn,* for appellant.—The plaintiff was guilty of contributory negligence: Ciszkowicz v. Scranton Railway, 70 Pa. Superior Ct. 352; Dyer v. Phila. Rapid Transit Co., 58 Pa. Superior Ct. 634; Speakman v. Phila., etc., Traction Co., 42 Pa. Superior Ct. 558; Gilmore v. Pass. Ry., 153 Pa. 33. The case is controlled by Smith v. Traction Co., 74 Pa. Superior Ct. 462, and Ciszkowicz v. Railway, supra.

*C. Donald Swartz,* for appellee.—The questions of negligence and contributory negligence were for the jury: Luckenbill v. E. Penna. Ry. Co., 47 Pa. Superior Ct. 121; Gordon v. Beaver Valley Traction Co., 247 Pa. 248; Mortimer v. Beaver Valley Traction Co., 216 Pa. 326. The case is controlled by Algard v. Transit Co., 266 Pa. 390, and the cases of Smith v. Traction Co. and Ciszkowicz v. Railway, supra, are distinguishable on the facts.

OPINION BY KELLER, J., November 21, 1921:

The assignments of error filed in this appeal relate only to the refusal of the court below to give binding instructions for the defendant and enter judgment non obstante veredicto in its favor. Unless, therefore, there was no evidence of negligence on the part of the defendant's employees, or the contributory negligence of the plaintiff was so clear from all the evidence in the case that the court was bound to determine it as a matter of law, we must affirm the judgment.

The plaintiff's proof—and we are obliged to consider the evidence from the standpoint most favorable to him—was, that following a wagon team belonging to the same employer, driven by a man named Sullivan, he turned the two-horse team which he was driving from

Fifth Street eastward into Fairmount Avenue, at a time when defendant's trolley car had stopped at Fourth Street (four hundred feet away) to discharge and take on passengers. A big automobile truck was parked on the south side of Fairmount Avenue about sixty feet east of Fifth Street. To pass this truck plaintiff and the driver in front of him had to straddle the car track, their left wheels being north of the south rail. In view of the fact that the trolley car was stationary when the two teams drove into Fairmount Avenue, it could not be held as a matter of law that it was negligence thus to straddle the track. The car started from Fourth Street and came at a very rapid rate. Sullivan, driving the team ahead, turned off the track just as soon as he was past the truck, and while plaintiff was endeavoring to do likewise the car ran into one of his horses and struck the wagon, injuring the plaintiff. It is true the plaintiff testified that he made no attempt to turn off the track until Sullivan had turned off, but the evidence as a whole clearly shows that this was because the truck at his right prevented his doing so. This is not the case of a teamster who negligently remains on a trolley track after notice of an approaching trolley although he could have turned his team safely to the side, as in Ciszkowicz v. Scranton Ry. Co., 70 Pa. Superior Ct. 352; Dyer v. Phila. Rapid Transit Co., 58 Pa. Superior Ct. 634, and similar cases, but rather of a teamster who drives on the track without negligence and by reason of surrounding traffic is not able to leave the track immediately on notice of an approaching car and is negligently run down by the motorman: Conner v. Pittsburgh Rys. Co., 40 Pa. Superior Ct. 63; Algard v. Phila. Rapid Transit Co., 266 Pa. 390.

The questions of the defendant's negligence and the plaintiff's contributory negligence were left to the jury in a charge which fairly and adequately presented the issues involved in the case, and no sufficient reason has

been presented for setting aside the verdict of the jury resolving those questions in favor of the plaintiff.

The judgment is affirmed.