# Philip Calla v. Hershey Transit Company, Appellant.

*Negligence — Automobiles — Street railways — Collision — Evidence.*

In an action of trespass against a street railway company, to recover damages sustained in a collision of an electric car of defendant with the truck of the plaintiff, it appeared that the accident occurred on a dark night and on the tracks of the defendant's street railway line, which were not a part of the public highway. The truck was stalled on the tracks of the defendant company and was struck by an electric car about eighty feet from a grade crossing. The plaintiff made an effort to signal the car, but failed to stop it. Defendant produced evidence to show that the trolley car was moving slowly and that the motorman had made every effort to stop the car as soon as he observed the motor truck.

*Held,* that the evidence was insufficient to show any facts in which the inference of wilful negligence could be predicated and, because of the contributory negligence of the plaintiff, binding instructions should have been given in favor of the defendant.

Argued March 13, 1924.    Appeal, No. 1, March T., 1924, by defendant, from judgment of the Court of Common Pleas of Dauphin Co., Sept. T., 1921, No. 328, on verdict in favor of the plaintiff in the case of Philip Calla v. Hershey Transit Company.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Reversed.

Trespass to recover damages to automobile truck.    Before WICKERSHAM, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $443.07 and judgment thereon.    Defendant appealed.

*Errors assigned* were, inter alia, in overruling motion for a new trial and for judgment non obstante veredicto.

136 PHILIP CALLA *v.* HERSHEY TRANSIT CO., Appel.

*F. Lyman Windolph,* and with him *E. M. Hershey* and *John E. Snyder,* for appellant.—There was no evidence of negligence on the part of the defendant: Wagner v. Lehigh Traction Co., 212 Pa. 132; Kirschbaum v. Transit Co., 73 Pa. Superior Ct. 536.

*Paul A. Kunkel,* for appellee.

OPINION BY TREXLER, J., April 21, 1924:

The electric street car of the defendant company collided with plaintiff's truck. The accident occurred at 8 o'clock on a dark night. Plaintiff was going along the traveled highway and as he was in the act of passing over a diagonal crossing of defendant's tracks, he was blinded by the lights of an approaching automobile and swerved from his proper course so that his rear wheel caught in the rail, and he continued thus a distance of about 80 feet on the tracks of the defendant company. According to plaintiff's story his efforts to surmount the rail caused him to proceed that distance. The tracks of defendant's road did not form part of the traveled highway. The ties were exposed and the rails stood above the road. It is undisputed that the tracks formed no part of the highway for the purpose of travel, and the photographs placed in evidence show an intervening space, between the tracks and the road, not used by the public. The place where the truck was stalled was 80 feet from the crossing. When a street car came along the plaintiff states he ran toward it with outstretched arms but failed to stop it. The car collided with the truck and pushed it about 15 or 20 feet. It is true the plaintiff's entry was, according to his testimony, due to his efforts to extricate himself from a predicament, but the defendant company had the exclusive right to the tracks at the point where plaintiff's truck was struck. Neither it or its employees were bound to anticipate that some one might leave the regular highway and come along the tracks. Whatever may have caused the plaintiff to enter the right-of-way,

his presence there was presumably unlawful and negligence per se. As was stated in Bailey v. Lehigh Valley Railroad Company, 220 Pa. 516, "employees in charge of the train have the right to assume that no person will enter upon the tracks, or if upon the tracks will immediately leave them upon the approach of the train. The trainmen may act upon this presumption, and if a person trespassing on the tracks is killed, the company is not liable unless his death is caused by the wanton or wilful conduct of those in charge of the train." See Horne v. Railway Co., 63 Pa. Superior Ct. 362; Buxton v. Railroad Co., 81 Pa. Superior Ct. 490; Taylor v. Phila. Rapid Transit Co., 55 Pa. Superior Ct. 607, Supreme Court 245 Pa. 189; Ciszkowicz v. Railway Co., 70 Pa. Superior Ct. 352; Devereux v. Phila. & Reading Ry. Co., 245 Pa. 136. The plaintiff in his statement states that the motorman wilfully and maliciously "ran said car striking said truck of the plaintiff with tremendous force and violence." Of course, as we have noted, if the injury to plaintiff's truck was inflicted through the wanton or wilful conduct on the part of those in charge of the train, the company would be liable. We can find no testimony to that effect. If the motorman failed to see when he should have seen, his action would be negligent; if he saw and knew, and notwithstanding, pursued his course, that act would be wilful or wanton. In the instant case all the witnesses testified that there was an effort made to stop the car. When the trolley car struck the truck it was going slowly and the impact only showed that the truck was shoved 15 or 20 feet. The motorman testified that he promptly reversed the motor and sanded the tracks, but owing to the slippery tracks and the downgrade the speed of the car was retarded with some difficulty. The learned trial judge stated that he would have been inclined to grant a motion for judgment n. o. v., had the motorman been corroborated. A careful reading of the testimony convinces us that the motorman's story is not contradicted. The lower court

quotes from the testimony of a witness which is to the effect that as soon as the motorman stopped his motor, he struck the truck. Certainly if the car continued with unabated speed there might be evidence of wanton injury. The witness evidently confused the word "motor" with "car" for he later stated that "about the time the motor stopped he was against the truck" and further on he answered in the affirmative, the question, "Do you mean that the trolley and the truck came together almost at the time the car stopped?" He answered: "Yes." The other witness referred to by the court testified that the motorman reversed the car, and as it went down the hill "it had kind of stopped." We do not think there was any testimony to bear out the contention that the efforts to stop the car were not begun until at the very instant the truck was struck. As the plaintiff failed to show any facts on which the inference of wanton or wilful negligence can be predicated, the case was one for binding instructions for the defendant.

The judgment is reversed, and is now entered for the defendant.