## Posey v. Maryland & Pennsylvania Railroad Company.

*Vandersloot & Vandersloot,* for plaintiff; *Michael S. Niles,* for defendant.

SHERWOOD, J., December 15, 1930.—The action instituted was one of trespass to recover damages. At the trial defendant presented a point for binding instructions, which was refused by the court. The verdict of the jury was for the plaintiff. A motion for judgment *non obstante veredicto* was duly filed by the defendant. The motion was argued before the court *in banc*, consisting of Watson R. Davison, P. J., fortieth judicial district, specially presiding, and the writer of this opinion.

Under the jury's verdict, the following facts must be taken as true: On July 5, 1927, defendant owned and operated a single-track railroad in York County, Pennsylvania, the width of its right of way being thirty feet. The plaintiff owned a farm abutting on said right of way, and one of the fields abutting on the right of way was used by the plaintiff to pasture his sheep. To exterminate the grass and weeds, the defendant secured a high-pressure motor-driven spraying outfit, about nine feet wide, to run upon its tracks. The grass and weeds were sprayed with a poisonous substance, chemical

analysis showing its contents to consist of sodium chloride and hydrochloric acid. Plaintiff was duly notified of this action on the part of the defendant by notices posted along the right of way as well as personally. On receipt of this notice, plaintiff repaired his fence along the right of way of the railroad company and considered it substantial. On one side the pasture field abutted on a woods and the fence at this point consisted of two strands of barbed wire, and nothing was done by the plaintiff to repair this portion of the fence, as he considered it sufficient. The sheep broke through this portion of the fence enclosing the pasture lands, and wandered down through the woods and onto the right of way of the defendant company, eating the grass and weeds that had been sprayed. As a result, eighteen of them were found dead, one close by the track of the defendant company, the others in the pasture field. At the point where the barbed wire fence was broken along the woods, the sheep's tracks were seen leading from that point through the woods down to the right of way of the defendant company.

Was the trial judge in error in refusing binding instructions for the defendant? On the part of the defendant it was contended that a trespasser can only recover damages for injury sustained on the ground of willful, wanton or gross negligence; on the part of the plaintiff that a man must not use his property so as to incommode his neighbor, and that the defendant did this in the spraying of a poisonous substance for the purpose of killing the weeds and grass that were attractive to sheep. This maxim extends only to neighbors who do not interfere with or enter upon the property. He who suffers his cattle to go at large takes upon himself the risks incident to it. If it were not so, an owner could not sink a well or a saw pit, dig a ditch, or open a stone quarry or a mine hole on his own land except at the risk of being made liable for consequential damages from it. He might just as well be required to level a precipice, put a fence around his swamp or cut down reclining trees: Knight v. Abert, 6 Pa. 472. It is undisputed in this case that the sheep were on the defendant's right of way without license. If so, they were there wrongfully. How can the plaintiff separate his case from the wrong done by the sheep? If the sheep were at fault, it was because the owner was at fault in not restraining them. He was bound to do so at his peril. He did not restrain them, and it, therefore, follows that he cannot demand compensation for the injury to them.

In the instant case the plaintiff charges negligence in the use of the poisonous chemical to destroy the weeds, and the defendant replies that the sheep were trespassing and it was not bound to take care of them or to run the risk of injury if they came onto its place without leave. This, as we have seen in the case above referred to, was a good defense. Chief Justice Gibson says: "He who suffers his cattle to go at large takes upon himself the risks incident to it." In other words, the risk was on the plaintiff unless his sheep were injured by wantonness or by gross neglect. Where, in the facts as proven in this case, is there any evidence of wanton or gross neglect? Due notice of the use of this poisonous substance was given to the plaintiff, both by posting and in person. This in itself negatives any wantonness or gross neglect on the part of the defendant. In the case of Devereux v. Phila. & Reading Ry. Co., 245 Pa. 136, it was frankly conceded by the appellant that if the doctrine of the earlier Pennsylvania cases applied, appellant could only recover on the ground of gross and wanton negligence. Mr. Justice Elkin in that case said: "Our rule has always been that a trespasser upon the right of way of a railroad company, or an owner of trespassing animals, can not recover damages for injury sustained unless he shows gross or wanton

negligence on the part of the railroad company. It is better to adhere to the settled rule than to attempt the doubtful expedient of establishing a new and uncertain one." In 1 R. C. L. 1132, § 74, the general rule is stated as follows: "The owner of uninclosed land is not in general bound to keep his premises safe for the trespassing animals of others, and if in the ordinary use of his property harm befalls them, their owner is held to have assumed the risk of such injury and so is denied any right of action on that account. So long as the injury is not inflicted wantonly or intentionally this general doctrine has been maintained."

It is true that in none of the Pennsylvania cases above cited was death of the animals caused by eating poisonous substances, but in other jurisdictions the exact question has arisen, and in 33 A. L. R. 448, the general rule is laid down that the owner of premises, enclosed or otherwise, is not bound to keep them safe for trespassing animals and is not liable for injuries to such cattle resulting from eating or drinking poisonous or other substances on the premises, and that this is the rule, both in sections where stock are lawfully allowed to run at large and in jurisdictions where the common-law rule as to keeping animals from straying is in force. See cases cited. We, therefore, conclude that the trial judge was in error in refusing defendant's point for binding instructions.

And now, to wit, December 15, 1930, defendant's motion for judgment *non obstante veredicto,* filed September 20, 1929, is granted and the rule issued thereon is made absolute and judgment is entered upon the whole record against the plaintiff and in favor of the defendant *non obstante veredicto,* and an exception is granted to the plaintiff to the court's action in this regard. From George Hay Kain, York, Pa.