De Rosa *v.* West Penn Railways Company, Appellant.

Argued April 25, 1935. 

 Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, JAMES and RHODES, JJ. 

*William A. Challener, Jr.,* with him *William A. Challener,* for appellant.

*Arthur L. McLaughlin, Jr.,* for appellee.

OPINION BY CUNNINGHAM, J., December 11, 1935:

Plaintiff sought, in this action of trespass, to recover damages for the destruction of his automobile by a trolley car of the defendant company. The judge who heard the case without a jury entered judgment for plaintiff; defendant's motions to open and for judgment in its favor upon the whole record were denied and this appeal followed.

In this review we have in mind that the findings of the judge who tried the case are entitled to the same weight as the verdict of a jury (McDonald Construction

Co. v. Gill et al., 285 Pa. 305, 132 A. 368; Athens Nat. Bank v. Ridgebury Twp., 303 Pa. 479, 154 A. 791; Nassar v. Pittsburgh Rys. Co., 105 Pa. Superior Ct. 352, 161 A. 605), and the testimony must therefore be read in the light most favorable to plaintiff. There is, however, little conflict in the evidence. The collision which gave rise to this action followed and was the outgrowth of another accident. Early in the morning of August 26, 1933, one Lankford, who had been commissioned by plaintiff to sell the automobile, was driving it eastward on the Lincoln Highway between Irwin and Greensburg. At a slight curve in the road he had a collision with an automobile approaching from the opposite direction; as a result, plaintiff's car left the road, crossed the track of defendant company, (which at that point occupies a private right-of-way parallel to and north of the highway) and came to rest against an embankment on the far side of the track, with its rear wheels resting on the north rail. Defendant's track is ten feet from the highway and four or five above it. A hill, with a grade rather steep for a trolley car, extends toward the east, and the limit of vision for a motorman approaching from that direction to the place where plaintiff's automobile rested upon the track is about 300 feet. Shortly after this first collision, a highway patrolman arrived at the scene. Efforts to get the automobile off the track failing, he summoned a tow-truck and returned to Greensburg. An attempt was made to warn the motorman of the trolley car then on its way to Irwin of the presence of the automobile upon the track, but, owing to some defect in the company's telephone line, this effort failed.

As dawn was breaking, persons gathered at the scene of the collision saw the signal lights on the trolley poles go on—evidence that a street car was approaching. One of the bystanders, a boy, ran up the track in an attempt to give a warning. As the trolley car came over the

crest of the hill and around a curve, at a speed of about forty miles an hour, the motorman saw the boy and applied his brakes; he was then from three to four hundred feet from the automobile, but was unable to stop before crashing into it. The trolley car did not run more than its length after the collision. Plaintiff's automobile was demolished by this second collision. The motorman stated that under the conditions prevailing, having in mind the grade and the early morning dew on the track, he could stop the car in 350 feet.

The collision did not occur at a public crossing but upon a private right-of-way which defendant had the exclusive right to use: Bailey v. Lehigh Valley R. R. Co., 220 Pa. 516, 69 A. 998; Gallagher v. B. & O. R. R. Co., 52 Pa. Superior Ct. 568; Calla v. Hershey Trans. Co., 83 Pa. Superior Ct. 135. Under such circumstances, defendant is not to be charged with liability unless the damage was caused by the wanton or wilful conduct of its employee in operating its street car: Calla v. Hershey Trans. Co., supra, and cases there cited; Taylor v. P. R. T. Co., 55 Pa. Superior Ct. 607; Horne v. West Chester Street Ry. Co., 63 Pa. Superior Ct. 362; Buxton v. B. & O. R. R. Co., 81 Pa. Superior Ct. 490.

"To be wilful, the harm must have been intentionally inflicted, and to be wanton must have been committed with a reckless disregard of the rights of others": Bowman v. Penna. R. R. Co., 299 Pa. 558, 567, 149 A. 877. "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him." Restatement of Torts, Sec. 500. The rule is the same with respect to injury to a chattel, Ibid., Sec. 497. See

also Di Meglio v. P. & R. Ry. Co., 249 Pa. 319, 94 A. 1095; Cover et al. v. Hershey Transit Co., 290 Pa. 551, 139 A. 266; Collins v. Rosenberg et al., 106 Pa. Superior Ct. 269, 161 A. 580.

Viewed in the light of these standards, it is apparent that the evidence does not support the judgment in plaintiff's favor. There is nothing to warrant even an inference that the motorman of the street car knew or should have known of the dangerous situation at a time when he might have prevented the collision, but nevertheless recklessly proceeded to a result which he should have foreseen. Indeed, the evidence is all to the contrary. The brakes were applied as soon as the motorman saw the boy endeavoring to warn him, although plaintiff's automobile was not then in sight. The motorman testified the street car was traveling forty miles an hour as it reached the crest of the hill. At that speed it was moving nearly sixty feet a second and at that rate would have traversed the distance from the point where the motorman received his first warning to the place of impact in about six seconds. Considering that the motorman was not bound to anticipate the presence of trespassers on the track, it is clear that his failure to bring his car to a stop within such a short distance is not sufficient to indicate a reckless or intentional disregard of the safety of persons or objects stationary thereon. Of course, the fact that defendant's telephone signal system failed to operate is no evidence whatever of wilful or wanton negligence.

While judgment on the whole record is only to be entered—had the case been tried before a jury—where binding instructions should have been given (Derrick v. Harwood Elec. Co., 268 Pa. 136, 111 A. 48; Zaltouski et ux. v. Scranton Ry. Co., 310 Pa. 531, 165 A. 847), the present case is one in which defendant's motion for judgment in its favor should have been granted.

Judgment reversed and here entered for defendant.